02-12-243-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00243-CV

 

 


 
 
 Habib
 Surani
  
  
 v.
  
  
 Trinity
 River Vision Authority
 
 
 §
  
 §
  
 §
  
 §
 
 
 From the 153rd District
 Court
  
 of
 Tarrant County (153-256860-11)
  
 January
 24, 2013
  
 Per
 Curiam
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed for
want of prosecution.

It
is further ordered that appellant Habib Surani shall pay all of the costs of
this appeal, for which let execution issue.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

PER CURIAM

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00243-CV

 

 


 
 
 Habib Surani
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Trinity River Vision Authority
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 153rd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Pro
se appellant Habib Surani appeals from the trial court’s order granting the
plea to the jurisdiction filed by appellee Trinity River Vision Authority.  We
originally set the due date for appellant’s brief at October 17, 2012. 
Appellant did not file a brief by that date, so on October 29, 2012, we
notified him that we could dismiss his appeal for want of prosecution unless,
by November 8, 2012, he filed a motion reasonably explaining the failure to
file a brief and the need for an extension.  See Tex. R. App. P.
38.8(a)(1).  On November 6, 2012, we received a document that we construed as
appellant’s brief, but three days later, we sent appellant a letter explaining
that the document did not comply with any briefing requirement under rule of
appellate procedure 38.1.[2] 
See Tex. R. App. P. 38.1.  We informed appellant that if he did not file
an amended brief that complied with rule 38.1 by November 19, 2012, we could
dismiss his appeal.

          On
November 15, 2012, we received a letter from appellant, but we have not
received an amended brief.  Accordingly, we strike appellant’s brief and
dismiss the appeal.  See Tex. R. App. P. 38.8(a)(1), 38.9(a), 42.3(b),
(c); Johnson v. Dall. Hous. Auth., 179 S.W.3d 770, 770 (Tex. App.—Dallas
2005, no pet.); see also Yeldell v. Denton Cent. Appraisal Dist., No.
02-07-00313-CV, 2008 WL 4053014, at *2 (Tex. App.—Fort Worth Aug. 29, 2008,
pet. denied) (mem. op.) (explaining that all parties appearing in Texas
appellate courts must follow the rules of appellate procedure).

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DELIVERED:  January 24, 2013









[1]See Tex. R. App. P. 47.4.





[2]For example, the brief
contained no legal authorities, no issues, no legal arguments, and no
appendix.  See Tex. R. App. P. 38.1(c), (f), (i), (k).